IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2306-FL

WILLIE STEWART,                          )
                                         )
            Petitioner,                  )
                                         )
      v.                                 )                   ORDER
                                         )
WARDEN BRICK TRIPP,                      )
                                         )
            Respondent.                  )

The matter is before the court on petitioner's response to the court's October 8, 2014, show

cause order. The matter also is before the court on respondent's motion for summary judgment[1]

pursuant to Federal Rule of Civil Procedure 56 (DE 24). The issues raised have been fully briefed

and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF THE CASE**

On June 22, 1984, the United States District Court for the District of Columbia sentenced

petitioner to a one year term of imprisonment for carrying a pistol without a license and a six year

term of imprisonment for possession with the intent to distribute heroin in violation of 21 U.S.C.

§ 841(a). (Resp't's Mem. (DE 25) Ex. A.) The two terms of imprisonment ran concurrently to each

other, but consecutively to any other sentence. (Id.) Petitioner also was sentenced to a three year

---

[1] The court construes respondent's motion as a motion for summary judgment because he attached documents
which are outside of the scope of the pleadings.

term of special parole for his conviction pursuant to § 841(a).[2]  (Id. Ex. A, B.)  Because of this criminal conduct, petitioner violated the conditions of his previously imposed State of Maryland parole term.  (Rep't's Reply (DE 35), Ex. G.)  As a result, from 1984 through 1988, petitioner served his State of Maryland parole violator term, and was returned to federal custody to serve his federal sentence on June 20, 1988.  (Id.)

The United States Parole Commission[3] ("the Commission") granted petitioner parole on June 18, 1990.  (Id. Ex. H, M.)  Petitioner was to remain on parole supervision until June 16, 1994.  (Id. Ex. M.)

On February 4, 1992, the Commission issued a parole violator warrant charging petitioner with law violations in connection with an arrest in the state of Virginia, as well as administrative violations.  (Id. Ex. M.)  On August 3, 1993, petitioner was sentenced by the State of Virginia's Fauquier County Circuit Court to a total of thirty-two (32) years imprisonment, with five years suspended, for his robbery, use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon convictions.  (Id. Ex. L.)  After completing his Virginia State court sentence, the Commission's warrant was executed on September 21, 2006.  (Id. Ex. M. p. 2.)  Following a parole revocation hearing, the Commission revoked petitioner's parole, forfeited all of the time petitioner spent on parole, and ordered that petitioner's parole be continued until the

_____

[2]  Title 28 C.F.R. § 2.57(a) provides:  "The Drug Abuse Prevention and Control Act, 21 U.S.C. sections 801 to 966, provides that, on conviction of certain offenses, mandatory 'special parole terms' must be imposed by the court as part of the sentence. This term is an additional period of supervision which commences upon completion of any period on parole or mandatory release supervision from the regular sentence; or if the prisoner is released without supervision, commences upon such release."

[3]  Pursuant to the National Capital Revitalization Act of 1997 ("the Act"), Congress mandated that the federal Bureau of Prisons ("BOP") house D.C. Code Offenders.  See Pub.L.No. 105-33, § 11231(a), 111 Stat. 712, 745 (1997) (codified at D.C. Code § 24-131(a))  The Act gives the United States Parole Commission exclusive jurisdiction over all District of Columbia felony prisoners.  See Allen v. Cauley, No. 1:11-0337, 2013 WL 2458526, at *3 (S.D.W. Va. June 6, 2013).

expiration of his sentence. (Id. Ex. N.) Petitioner was released from custody on March 22, 2010, and commenced the special parole term on the same date. (Resp't's Mem. (DE 25), Ex. B.) The special parole term was to expire on March 22, 2013. (Id., Ex. A, B.)

Prior to the expiration of petitioner's special term of parole, petitioner was arrested and convicted of possession of cocaine in the United States District Court for the District of Columbia on July 10, 2012. (Id. Ex. C p. 4.) On September 11, 2012, the Commission issued a warrant for petitioner's arrest based, *inter alia*, upon petitioner's July 10, 2012, conviction in the District of Columbia Superior Court. See (id.) The Commission lodged its warrant as a detainer while petitioner served his District of Columbia Superior Court sentence. (Id. Ex. D.)

On July 26, 2013, the Commission advised petitioner that it would be conducting a dispositional review of its detainer. (Id. Ex. E.) The Commission provided petitioner with a form that he could use to make a statement that would be considered by the Commission in its review of the detainer. (Id. Ex. E, p. 5.) Petitioner also was advised that he could have an attorney appointed to assist him in making a statement to the Commission. (Id. p. 6.) On March 6, 2014, after conducting a record review of the detainer, the Commission ordered that the detainer stand. (Id. Ex. F.)

Prior to the Commission's July, 26, 2013, hearing, petitioner filed this action pursuant to 28 U.S.C. § 2241, on December 10, 2012, alleging that his rights pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution were violated because he did not receive a timely review of his parole violation warrant, which was lodged as a detainer. As relief, petitioner requested that the parole violation warrant be disposed of through the Commission's expedited review process.

On August 7, 2013, respondent filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that petitioner failed to state a claim upon which relief may be granted. Petitioner subsequently filed an unopposed motion to amend his petition to recharacterize his § 2241 petition as a "writ of mandamus, motion to compel the USPC to do their duty." (DE 16.) On January 8, 2014, the court entered an order granting petitioner's motion to amend, and permitting petitioner fourteen (14) days to file his amended petition. Because the court granted petitioner's motion to amend, the court denied as moot respondent's pending motion to dismiss.

On February 20, 2014, petitioner filed his amended petition. In his amended pleading petitioner stated that respondent violated his rights pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution because the Commission did not conduct a timely parole revocation hearing. Specifically, petitioner stated that he " is not requesting a prompt review of his detainer but, a timely revocation[] hearing/dispositional hearing on the warrant detainer that has been lodged against [him]." (DE 23 p. 4.)

On March 6, 2014, respondent filed a motion for summary judgment, arguing that petitioner has no due process right to a parole revocation hearing before the Commission's warrant is executed. Petitioner filed a response, and raised a new claim related to the computation of his sentence. Specifically, petitioner alleged that his parole term expired, and that he has no time remaining on his parole term. Respondent filed a reply, and argued that petitioner failed to exhaust his administrative remedies for his new claim.

On September 19, 2014, petitioner was released from his federal term of imprisonment. (See DE 39.) On October 8, 2014, the court entered an order directing petitioner to show cause as to why his action should not be dismissed as moot due to his release from federal custody.

4

On October 20, 2014, petitioner responded to the court's October 8, 2014, show cause order. Respondent thereafter responded to petitioner's October 20, 2014, pleading. On December 10, 2014, the court entered an order directing respondent to expand the record to provide supplementary evidence indicating whether respondent conducted a record review of petitioner's detainer pursuant to 28 C.F.R. § 2.100(c). The court additionally provided petitioner the opportunity to respond.

Respondent subsequently filed an addendum to his memorandum in support of his motion to dismiss indicating that petitioner accepted an expedited parole revocation proposal on November 3, 2014. (DE 47, Ex. Q.) On November 5, 2014, the Commission issued a notice of action and found that petitioner violated "Charge No. 2–Law Violation. Possession with Intent to Distribute Cocaine (Conviction)," and elected not to pursue two other law violations. (Id.) The Commission then revoked petitioner's special parole and granted re-parole on May 9, 2015, after the service of thirty-two (32) months. (Id.) Petitioner did not respond to respondent's addendum.

## DISCUSSION

A.      Response to Show Cause Order

On October 8, 2014, the court issued an order directing petitioner to show cause as to why his § 2241 petition was not moot due to petitioner's release from federal incarceration. In response, petitioner indicated that he still was incarcerated and subject to parole revocation. Thus, the court finds petitioner sufficiently demonstrated cause as to why petitioner's release from his federal term of imprisonment did not moot the instant action.

B.    Motion for Summary Judgment

1.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial.  Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Anderson, 477 U.S. at 250.

2.    Analysis

a.    Parole Revocation Hearing and Dispositional Review

Respondent submitted an addendum stating that petitioner accepted an expedited revocation proposal on November 3, 2014.  (See DE 47, Ex. Q.)  Respondent argues that because petitioner seeks a writ of mandamus to compel the Commission to conduct a parole revocation hearing and/or dispositional review, petitioner's acceptance of the parole revocation proposal moots these issues.

Article III, Section 2 of the United States Constitution provides that federal courts may only adjudicate live cases or controversies.  See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."  Id.  Generally, " a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Powell v.

6

McCormack, 395 U.S. 486, 496 (1969). Here, petitioner's acceptance of the expedited revocation proposal moots this action because petitioner is not entitled to the relief the court could provide – a parole revocation hearing. See Powell, 395 U.S. at 496; Hurt v. Dir.,Cent. Va. Reg'l Jail, No. 1:14cv291, 2014 WL 4199730, at * (E.D. Va. Aug. 20, 2014) (finding § 2241petition citing deprivation of parole hearing moot where petitioner accepted an expedited revocation proposal).

    b.    Sentence Calculation

Respondent contends that petitioner's claim regarding the calculation of his sentence should be dismissed because petitioner failed to exhaust his administrative remedies for this claim. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require federal prisoners challenging the execution of his/her sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445.

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

In this case, the record reflects that petitioner has not filed any administrative remedy requests with regard to his sentence computation. (Coll Decl.[4] ¶ 5.) Petitioner does not dispute respondent's evidence pertaining to exhaustion. Based upon the foregoing, the court finds that petitioner did not utilize the BOP's administrative remedy process to resolve the instant issue. Nor has petitioner established cause or prejudice for his failure to exhaust. Thus, this claim is DISMISSED without prejudice to allow petitioner the opportunity to exhaust his administrative remedies. Petitioner is free to re-file his petition after he has exhausted his administrative remedies for his claim.

## CONCLUSION

For the foregoing reasons, petitioner has sufficiently shown cause as to why this action should not be dismissed as moot pursuant to the court's October 8, 2014, order. However, the court GRANTS respondents' motion for summary judgment (DE 24). Petitioner's claims regarding his parole revocation and/or dispositional hearing are DISMISSED as MOOT. Petitioner's claim regarding his sentence calculation is DISMISSED without prejudice to permit petitioner the opportunity to exhaust his administrative remedies. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 22nd day of January, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[4] Cornelia J. Coll submitted an affidavit in support of respondent's motion for summary judgment. Coll is employed by the BOP as a paralegal specialist. (Coll Aff. ¶ 1.)

8